## Case No. 3,820.

### DESHON v. The MEDORA. ·

#### [2 Woodb. & M. 118.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1846.

##### ADMIRALTY JURISDICTION—ENFORCEMENT OF MORTGAGE.

Where one advances money to the owners of a vessel, which was partly used in fitting her for the coming voyage, it is doubtful whether the mortgage to secure it on the vessel can be enforced in admiralty by a libel against her. If before the case is decided, the sale of the vessel has been ordered on prior libels for voyages and a bottomry bond, and the claim of this libellant on the balance of the proceeds been put in and allowed, this libel will be dismissed without costs.

[Cited in Adams v. Blodgett, Case No. 46; Folger v. The Robert G. Shaw, Id. 4,899.]

This was an appeal from a decree of the district court [of the United States for the district of Massachusetts] made on the libel against the ship Medora, which was referred to in the preceding case. It averred, that Fisk & Bradford, the owners, on the 25th of March, 1845, at Boston, where the Medora was then lying, executed a bottomry bond to the libellant, such as is described in his answer to the libel by Leland & Co. That two previous libels, named in the opinion of the court in said case, had been filed and sustained against the vessel, and her sale ordered, and the libellant prayed, that he might receive payment out of the balance of the proceeds thereof still remaining in the district court. The libel requested notice to be given to the assignee of the owners and to Leland & Co., and to other claimants to appear and object if they have cause. On the 30th of April, 1846, Winsor, the assignee, appeared and admitted, that Fisk & Bradford executed the bond to [James] Deshon at the time named, and were the owners of the ship. That the amount loaned he is not informed of, and begs it may be proved, but believes a note for $1000, payable in six months, constituted a part, and that $3200 of

[1] [Reported by Charles L. Woodbury, Esq., and George Minot, Esq.]

it was money previously advanced. That a part of it was notes of the owners then falling due, and checks and commissions, and notes given by the libellant not then due, and notes of the owners given to third persons, which the libellant had taken up. That said bond was not a maritime contract, nor its enforcement within the admiralty jurisdiction of the district court, because the loan was not on the risk of the vessel's being lost, but was to be repaid with interest at all events. That the above bond was not duly recorded as a mortgage under the laws of Massachusetts till July 19, 1845, after the title of Winsor as assignee had accrued. That on the arrival of the Medora from Manilla, March 17, 1846, he took possession of her as assignee of the owners for the benefit of all concerned, and has expended about her for her preservation $209.14. That in support of these facts, beside the papers and evidence offered, he prays that the libellant be required to answer certain interrogatories on oath. And that this libel be dismissed, and the proceeds of the Medora be paid over to him. He set out, also, the failure of the former owners, April 29, 1846; the proceedings then commenced under the insolvent system of Massachusetts, and prosecuted till he was appointed assignee, and the property of the owners duly assigned to him on the 22d of May, 1846. The replication of Deshon denied all the material parts of the answer, and called for proof. The evidence, besides what was put into the previous case, which might be pertinent, consisted of the expenditures made since the arrival of the vessel, and which it was agreed should be allowed out of the proceeds, and taxed in the cases before decided. A note for $750 from A. C. to the owners was put in, and an admission that the libellant, before the ship sailed to Manilla, inquired of the master if she was free from all previous incumbrances, and was answered in the affirmative. The libellant in answer to the interrogatories testified, that he advanced the $6000 while the Medora was in port and preparing to sail, and it was in cash except a note of $1000 given by him to the owners, payable in six months. That he has received no commissions, though 5 per cent. was agreed to be paid, and he has had former dealings with the owners, which were kept entirely distinct from this, and all now claimed is due. That he discounted a note of $752 by Leland & Co. which if not paid, as it has not been, was to be covered by the bond. That all the advances were made within twenty-five days, and by previous agreement were to be secured by the bottomry bond, and he has received from no quarter any thing in payment. The decree in the district court was, that the libellant recover against the proceeds of the vessel $5860 without costs.

Mr. Choate, for Deshon.
Mr. Goodrich, for assignee.

WOODBURY, Circuit Justice. It will be seen, by the opinion in Leland v. The Medora [Case No. 8,237], delivered at this term, that the propriety of instituting libels in the district court to compel the sale of vessels on mere mortgages, may be questioned, and will, therefore, not be decided till necessary. It is, perhaps, more questionable in cases where a portion of the debt did not arise from a mere maritime contract, but a discount of a note like a portion of the present claim. But without giving an opinion on that point, the debt here claimed has been allowed in that case on the balance of the proceeds of this vessel, ordered to be sold on another libel, clearly appropriate. The reasons for this distinction are there given. Let this case then be dismissed without costs.

There having been some color, if not justification, for filing the libel, the plaintiff should not pay cost, and as his claim has since been otherwise satisfied, it is not equitable for him to receive cost. See Hunter v. Marlboro' [Case No. 6,908]. Costs in admiralty are entirely under the control and discretion of the court. Dunl. Adm. Pr. 102. Thus, if plausible ground existed for a libel, costs may be given for the libellant, though it be dismissed. 3 W. Rob. Adm. 167; Edw. Adm. 70; 2 Wheat. [15 U. S.] 57, Append. And against seamen, as libellants, if failing, costs are seldom allowed. Dunl. Adm. Pr. 102.